IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLIE D. JACKSON, F03949,<br><br>  Plaintiff(s),<br><br>  v.<br><br>CALIFORNIA DEP'T OF CORRECTIONS<br>& REHABILIATION, et al.,<br><br>  Defendant(s). | No. C 12-2516 CRB (PR)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO AMEND<br><br>(Docket #57, 64, 65, 67 & 70) |

On May 16, 2012, while plaintiff was a prisoner at San Quentin State Prison (SQSP), he filed a pro se complaint under 42 U.S.C. § 1983 alleging continued harassment from correctional officers since he filed an administrative appeal against a correctional officer that resulted in the correctional officer being fired. Among other things, plaintiff alleged that correctional officers routinely contaminate his meals with toxic substances, tamper with his mail, and verbally abuse him and call him a "rat" and a "snitch."

Per order filed on July 30, 2012, the court found that, liberally construed, plaintiff's allegations of continued and pervasive serious harassment from correctional officers at SQSP appear to state a cognizable claim for injunctive relief under § 1983 and ordered the claim served on SQSP Warden Kevin P. Chappell. Defendant was ordered to file a dispositive motion within 90 days.

On September 28, 2012, plaintiff filed a voluminous First Amended Complaint (FAC) alleging numerous violations of his First Amendment right to freedom of speech and Eighth Amendment right against cruel and unusual punishment against sixty-four defendants. Plaintiff seeks declaratory, injunctive and monetary relief.

Per order filed on October 9, 2012, the court stayed discovery until the FAC is screened under 28 U.S.C. § 1915A. But plaintiff recently informed the court that he has been released from prison and wishes to withdraw his request for a preliminary injunction. Plaintiff's release from prison indeed renders moot his claims for declaratory and injunctive relief. See Alvarez v. Hill, 667 F.3d 1061, 1064 (9th Cir. 2012); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995). Plaintiff may only proceed with claims for monetary relief against individual defendants, which requires that he allege specific facts showing how each named defendant actually and proximately caused the deprivation of his federally protected rights of which he complains. See Leer v. Murphy, 844 F.2d 628, 633-34 (9th Cir. 1988).

Good cause appearing therefor, the FAC is DISMISSED with leave to amend, as indicated above, within 30 days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the amended complaint will not be considered by the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Plaintiff's various pending miscellaneous motions (docket #57, 64, 65, 67 & 70) are dismissed as moot and/or for lack of merit.

SO ORDERED.

DATED: January 3, 2013

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.12\Jackson, C.12-2516.dwlta.wpd

3