IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLIE D. JACKSON, F03949,         )<br>                                                                )<br>            Plaintiff(s),                          )<br>                                                                )<br>   v.                                                       )<br>                                                                )<br>CALIFORNIA DEP'T OF CORRECTIONS )<br>& REHABILIATION, et al.,                 )<br>                                                                )<br>            Defendant(s).                       )<br>                                                                ) | No. C 12-2516 CRB (PR)<br><br>ORDER OF SERVICE |

Plaintiff, a former prisoner at San Quentin State Prison (SQSP) who is no longer in custody, has filed a pro se Second Amended Complaint (SAC) for damages under 42 U.S.C. § 1983 alleging various wrongdoing during his incarceration at SQSP. Plaintiff specifically alleges that he was denied mental health treatment by medical staff, and was subjected to excessive force, food contamination and verbal harassment by correctional officers.

## DISCUSSION

A.   <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Plaintiff alleges that SQSP doctors and psychologists denied him treatment for his mental illnesses (including depression and anxiety) despite his repeatedly asking for treatment. Liberally construed, plaintiff allegations appear to state a cognizable § 1983 claim for deliberate indifference to serious medical needs against Drs. R. Fong, Kahn (or Cahn) and Freiha, and will be ordered served on these three named defendants. See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994) (mentally ill prisoner may establish unconstitutional treatment on behalf of prison officials by showing that officials were deliberately indifferent to his serious medical needs); see also Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982) (mental health care requirements analyzed as part of general health care requirements).

Plaintiff alleges that correctional officers routinely contaminated his food, and verbally harassed him. Although regrettable, allegations of mere verbal harassment and abuse fail to state a cognizable § 1983 claim. See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997), overruled in part on other grounds by

2

Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008). But liberally construed, plaintiff's allegations that correctional officers H. De Leon, K. Altunc, K. France, Burkle and Stubbs deliberately contaminated his food appear to state a cognizable § 1983 claim for deliberate indifference to plaintiff's health and safety, and will be served on these named defendants. See Farmer v. Brennan, 511 U.S. 825, 832, 837 (1994) (prison official is deliberately indifferent under 8th Amendment if he knows of and disregards an excessive risk to inmate health or safety).

Plaintiff alleges that correctional officers used excessive force against him. Specifically, plaintiff alleges that Correctional Officer Fry used excessive force when he grabbed and squeezed plaintiff's testicles four times and joked out loud, "nothing there, pussy," and that Correctional Officer Szmaciarz used excessive force when he slammed plaintiff's face into the cell bars splitting plaintiff's lip. Liberally construed, plaintiff's allegations appear to state a cognizable § 1983 claim for use of excessive force against correctional officers Fry and Szmaciarz, and will be served on these two named defendants. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (8th Amendment prohibits prison officials from using force sadistically and maliciously to cause harm).

Plaintiff also alleges that he complained to Warden K. Chappell and Sgt. L. Barnes about the various wrongdoing described above to no avail. Liberally construed, plaintiff's allegations appear to state a cognizable § 1983 claim against Warden K. Chappell and Sgt. L. Barnes for deliberate indifference to plaintiff's health and safety, and will be served on these two named defendants. See Farmer, 511 U.S. at 832, 837.

But plaintiff's allegations that Correctional Officer Margate improperly entered his cell and took his personal property are dismissed because deprivation

of property fails to state a cognizable claim under § 1983 where, as here, state law provides an adequate post-deprivation remedy. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Correctional Officer Margate and the California Department of Corrections and Rehabilitation (CDCR) are dismissed. CDCR is named on the theory that it is liable for the actions of its employees and it is well established that there is no § 1983 liability under such a theory, i.e., a theory of respondeat superior liability. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the SAC (docket # 77) in this matter, all attachments thereto, and copies of this order the following named defendants at SQSP: Warden K. Chappell. Sgt. L. Barnes, correctional officers H. De Leon, K. Altunc, K. France, Burkle, Stubbs, Fry and Szmaciarz, and doctors R. Fong, Kahn (or Cahn) and Freiha. Correctional Officer Margate and CDCR are dismissed. The clerk also shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than 90 days from the date of this order, defendants shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports

stemming from the events at issue.  A motion for summary judgment also must be accompanied by a <u>Rand</u> notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  <u>Woods v. Carey</u>, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice.  <u>Stratton v. Buck</u>, 697 F.3d 1004, 1008 (9th Cir. 2012); <u>Woods</u>, 684 F.3d at 935 (notice requirement set out in <u>Wyatt v. Terhune</u>, 315 F.3d 1108 (9th Cir. 2003), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

  If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due.  All papers filed with the court shall be served promptly on plaintiff.

    b. Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion is served and filed.

    c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is

properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. Stratton, 697 F.3d at 1008-09.

(The Rand and Wyatt/Stratton notices above do not excuse defendants'

obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. Woods, 684 F.3d at 935.)

        d.    Defendants must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

        e.    The motion shall be deemed submitted as of the date the reply is due. No hearing will be held on the motion unless the court so orders at a later date.

     3.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

     4.    All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

     5.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: June 12, 2013

                                  CHARLES R. BREYER
                                  United States District Judge

N:\Jackson, C.12-2516.serve2.wpd