IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLIE DAVID JACKSON,<br><br>                Plaintiff,<br><br>vs.<br><br>KEVIN R. CHAPPELL, Warden, et al.,<br><br>                Defendants. | No. C 12-2516 CRB (PR)<br><br>ORDER DENYING MOTION TO REINSTATE DR. FRIEHA AS A DEFENDANT AND TO ADD CORRECTIONAL COUNSELOR CURZON AS A DEFENDANT<br><br>(Dkt. #124 & 128) |

       Plaintiff, a former prisoner at San Quentin State Prison (SQSP), filed a pro se Third Amended Complaint (TAC) for damages under 42 U.S.C. § 1983 alleging denial of mental health treatment at SQSP against Warden Kevin R. Chappell and doctors R. Fong, Frieha (or Freiha), E. Sprick and Burton. Plaintiff specifically alleges that at various times in 2010, doctors R. Fong, Frieha (or Freiha), E. Sprick and Burton denied him treatment for his mental illnesses (including depression and anxiety) despite his asking them for treatment.

       Per order filed on January 30, 2014, the court found that, liberally construed, plaintiff's allegations appear to state a cognizable § 1983 claim for deliberate indifference to serious medical needs against doctors R. Fong, Frieha (or Freiha), E. Sprick and Burton, but dismissed Warden Kevin R. Chappell because plaintiff set forth no allegations against Chappell and it is well established that there is no liability under § 1983 solely because one is responsible for the actions or omissions of another. Dkt. #106 at 1-2.

1    The court made clear that plaintiff's deliberate indifference to serious
2    medical needs claim may proceed against doctors R. Fong (who was previously
3    served), Frieha (or Freiha), E. Sprick and Burton.  But the court warned plaintiff
4    that it will not order service of summons and of the TAC on the three unserved
5    defendants – doctors Frieha (or Freiha), E. Sprick and Burton – unless plaintiff
6    "provides a recent address for each of these defendants within 30 days of this
7    order.  Failure to do so will result in the dismissal of the unserved defendants and
8    a scheduling order will be issued as to defendant R. Fong only."  Id. at 2.

9    Per order filed on April 4, 2014, the court dismissed without prejudice
10   unserved defendants doctors Frieha (or Freiha), E. Sprick and Burton because
11   "[m]ore than 60 days ha[d] elapsed and plaintiff still ha[d] not provided a recent
12   address for any of the three unserved defendants."  Dkt. #107 at 2.  The court
13   noted that the case "will proceed as to defendant doctor R. Fong only" and
14   ordered Dr. Fong to serve and file a dispositive motion within 60 days.  Id.

15   Plaintiff then moved to reinstate Dr. Burton as a defendant on the ground
16   that the court improperly dismissed him before attempting to serve him at SQSP.
17   Per order filed on June 2, 2013, the court found plaintiff's argument "unavailing
18   because plaintiff did not inform the court in the TAC or elsewhere (despite being
19   advised to do so) of a service address for Dr. Burton or either of the two other
20   unserved defendants."  Dkt. #119 at 2.  But because Dr. Burton was dismissed
21   without prejudice and plaintiff now submitted that Dr. Burton "is at SQSP," dkt.
22   #112 at 2, the court granted the motion to reinstate Dr. Burton as a defendant "in
23   the interest of justice and judicial economy" and ordered the United States
24   Marshal to serve Dr. Burton at SQSP.  Id.

25   Apparently emboldened by the court's granting of his motion to reinstate
26   Dr. Burton as a defendant, plaintiff now has filed a motion to reinstate Dr. Frieha

2

(or Freiha) as a defendant and to add Correctional Counselor Curzon as a defendant.  The motion (dkt. #128) is DENIED as to both Frieha and Curzon.  Plaintiff provides no indication of where Dr. Frieha may be served, much less an excuse for his delay in seeking to reinstate her.  Nor does plaintiff provide any excuse for his waiting until now to move to add as a defendant a correctional officer/counsel he "mentioned" but did not name as a defendant in the TAC.  Moreover, plaintiff's allegation in the TAC that Curzon denied plaintiff's request to be placed in administrative segregation for mental health reasons after plaintiff met with Dr. Burton and Curzon and Dr. Burton denied the same request cannot be said to amount to a § 1983 claim for deliberate indifference to serious medical needs against Curzon.  Cf. Peralta v. Dillard, 744 F.3d 1076, 1086-87 (9th Cir. 2014) (en banc) (prison medical officer without expertise in specific field who denies an inmate appeal for medical care after it was reviewed by two qualified medical officials does not demonstrate a wanton infliction of unnecessary pain).

Plaintiff's motion (dkt. #124) for production of transcripts and copies of all documents in the docket in this matter in order to litigate his recently filed appeal is DENIED.  The Ninth Circuit more recently dismissed plaintiff's appeal for lack of jurisdiction.  See Dkt. #123.

The clerk is instructed to terminate the motions filed as docket items numbers 124 and 128.

SO ORDERED.

DATED:  June 30, 2014

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.12\Jackson, C.12-2516.mtn-re-frieha.wpd